# EXHIBIT 1

RECEIVED
MAY 2 8 2019
MEAGHER & GEER

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | | IN DISTRICT COURT |
| COUNTY OF CASS | | EAST CENTRAL JUDICIAL DISTRICT |

Sandra O'Shea, individually, and on behalf of the Estate of Terrence O'Shea, deceased, )
)   **SUMMONS**
)
Plaintiff, )   Civil No.:
)
v. )
)
Asbestos Corporation, Ltd., a Canadian corporation; )
)
Atlas Turner, Inc., a Canadian corporation; )
)
AWT Air Company, Inc. (f/k/a Research-Cottrell, Inc.), a New Jersey corporation; )
)
Baker Manufacturing Company, LLC, a Delaware corporation; )
)
Bayer CropScience, Inc., (as successor to Rhone-Poulenc, Inc., f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company), a New York corporation; )
)
Bell & Gossett, a division of ITT Corporation, a foreign corporation; )
)
Bell Asbestos Mines, Ltd., a Canadian corporation; )
)
Building Sprinkler Company, Inc., a North Dakota corporation; )
)
Burnham, LLC, f/k/a Burnham Holdings, Inc., f/k/a Burnham Corporation, a Delaware corporation; )
)
CBS Corporation, f/k/a Westinghouse Electric Corporation, a Delaware corporation; )
)
Cleaver Brooks, Division of Aqua Chem, Inc., a Delaware corporation; )
)
Exxon Mobil Corporation, f/k/a Mobil Oil Corporation, a New Jersey corporation; )
)
Fargo-Moorhead Insulation Company, a North Dakota corporation; )
)
Fisher Controls International, LLC, f/k/a Fisher Governor Company, a Delaware corporation; )
)
Foster Products Corporation, (as successor-in-interest to Foster Products Division of H.B. Fuller Company and to the Benjamin Foster Division of AmChem Products, Inc.), a Minnesota corporation; )
)

Frommelt Safety Products, a Wisconsin corporation;   )
)
General Engineering Development Corporation, f/k/a   )
Fuel Economy Engineering Company, a South Dakota   )
corporation;   )
)
Goodin Company, a foreign corporation;   )
)
Goodrich Corporation, f/k/a B.F. Goodrich Company,   )
a New York corporation;   )
)
Goodyear Tire & Rubber Company, an Ohio corporation;   )
)
Goulds Pumps, Inc., a New York corporation;   )
)
Grinnell Corporation, a Minnesota corporation;   )
)
H.B. Fuller Company, a Minnesota corporation;   )
)
Hobart Brothers Company, an Ohio corporation;   )
)
Honeywell, Inc., a Delaware corporation   )
)
Industrial Contractors, Inc., a North Dakota corporation;   )
)
Industrial Holdings Corporation, f/k/a The Carborundum   )
Company a Delaware corporation;   )
)
Lincoln Electric Company, an Ohio corporation;   )
)
Linde, LLC (f/k/a Airco, Inc.), a Delaware corporation;   )
)
McMaster Carr Supply Company, an Illinois corporation;   )
)
Northern Plumbing Supply, Inc., a North Dakota   )
corporation;   )
)
Northwest Iron Fireman, Inc., a North Dakota corporation;   )
)
Owens-Illinois, Inc., an Ohio corporation;   )
)
Paul W. Abbott Company, Inc., a foreign corporation;   )
)
Praxair Distribution, Inc., a Delaware corporation;   )
)
RCH Newco II, LLC, f/k/a Robertson Ceco Corporation   )
(successor to H.H. Robertson Company), a Delaware   )
corporation;   )
)
Rite-Hite Corporation, a Wisconsin corporation;   )
)
Singer Safety Company, an Illinois corporation;   )
)
Smith-Sharpe Company, a foreign corporation;   )
)
Sprinkmann Sons Corporation, a Wisconsin corporation;   )

2

| | )|
|---|---|
|Union Carbide Corporation, a New York corporation; | )|
| | )|
|Walker Jamar Company; a Minnesota corporation; | )|
| | )|
|Weil McLain Company, a foreign corporation; | )|
| | )|
|Western Steel & Plumbing, Inc., a North Dakota corporation; | )|
| | )|
|Whittier Filtration, Inc., f/k/a U.S. Filter/Whittier, Inc., a subsidiary of Water Applications & Systems Corporation, a Delaware corporation; | )|
| | )|
|Zurn Industries, LLC, f/k/a Zurn Industries, Inc., a Pennsylvania corporation; | )|
| | )|
|                                        Defendants. | )|

THE STATE OF NORTH DAKOTA TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to appear and defend against the Complaint in this action, which is herewith served upon you, by serving upon the undersigned an Answer, or some other proper response, within twenty-one (21) days after service of this Summons and upon you, exclusive of the day of such service. If you fail to appear or answer, judgment will be taken against you for the relief demanded in the Complaint.

Dated:   May 23, 2019                           BOECHLER, P.C.


                                              /s/ Jeanette T. Boechler, Esq.
                                              Jeanette T. Boechler (ID#03550)
                                              Attorney at Law
                                              802 1st Avenue North
                                              Fargo, North Dakota 58102
                                              (701) 237-3071
                                              boecherpc@aol.com
                                              Counsel for Plaintiff

3

RECEIVED

MAY 2 8 2019

MEAGHER & GEER

| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
|---|---|
| COUNTY OF CASS | EAST CENTRAL JUDICIAL DISTRICT |

Sandra O'Shea, individually, and on behalf of the Estate )     **COMPLAINT**
of Terrence O'Shea, deceased, )
)
           Plaintiff, )     Civil No.:
)
v. )     Trial By A Jury Of Nine
)     Persons Is Hereby Requested
Asbestos Corporation, Ltd., a Canadian corporation; )
)
Atlas Turner, Inc., a Canadian corporation; )
)
AWT Air Company, Inc. (f/k/a Research-Cottrell, Inc.), )
a New Jersey corporation; )
)
Baker Manufacturing Company, LLC, a Delaware )
corporation; )
)
Bayer CropScience, Inc., (as successor to Rhone-Poulenc, )
Inc., f/k/a Amchem Products, Inc., f/k/a Benjamin )
Foster Company), a New York corporation; )
)
Bell & Gossett, a division of ITT Corporation, )
a foreign corporation; )
)
Bell Asbestos Mines, Ltd., a Canadian corporation; )
)
Building Sprinkler Company, Inc., a North Dakota )
corporation; )
)
Burnham, LLC, f/k/a Burnham Holdings, Inc., )
f/k/a Burnham Corporation, a Delaware corporation; )
)
CBS Corporation, f/k/a Westinghouse Electric )
Corporation, a Delaware corporation; )
)
Cleaver Brooks, Division of Aqua Chem, Inc., a )
Delaware corporation; )
)
Exxon Mobil Corporation, f/k/a Mobil Oil Corporation, )
a New Jersey corporation; )
)
Fargo-Moorhead Insulation Company, a North Dakota )
corporation; )
)
Fisher Controls International, LLC, f/k/a Fisher )
Governor Company, a Delaware corporation; )
)
Foster Products Corporation, (as successor-in-interest to )
Foster Products Division of H.B. Fuller Company and to )

the Benjamin Foster Division of AmChem Products, Inc.), )
a Minnesota corporation; )
)
Frommelt Safety Products, a Wisconsin corporation; )
)
General Engineering Development Corporation, f/k/a )
Fuel Economy Engineering Company, a South Dakota )
corporation; )
)
Goodin Company, a foreign corporation; )
)
Goodrich Corporation, f/k/a B.F. Goodrich Company, )
a New York corporation; )
)
Goodyear Tire & Rubber Company, an Ohio corporation; )
)
Goulds Pumps, Inc., a New York corporation; )
)
Grinnell Corporation, a Minnesota corporation; )
)
H.B. Fuller Company, a Minnesota corporation; )
)
Hobart Brothers Company, an Ohio corporation; )
)
Honeywell, Inc., a Delaware corporation )
)
Industrial Contractors, Inc., a North Dakota corporation; )
)
Industrial Holdings Corporation, f/k/a The Carborundum )
Company a Delaware corporation; )
)
Lincoln Electric Company, an Ohio corporation; )
)
Linde, LLC (f/k/a Airco, Inc.), a Delaware corporation; )
)
McMaster Carr Supply Company, an Illinois corporation; )
)
Northern Plumbing Supply, Inc., a North Dakota )
corporation; )
)
Northwest Iron Fireman, Inc., a North Dakota corporation; )
)
Owens-Illinois, Inc., an Ohio corporation; )
)
Paul W. Abbott Company, Inc., a foreign corporation; )
)
Praxair Distribution, Inc., a Delaware corporation; )
)
RCH Newco II, LLC, f/k/a Robertson Ceco Corporation )
(successor to H.H. Robertson Company), a Delaware )
corporation; )
)

2

| | |
|---|---|
| Rite-Hite Corporation, a Wisconsin corporation; | ) |
| | ) |
| Singer Safety Company, an Illinois corporation; | ) |
| | ) |
| Smith-Sharpe Company, a foreign corporation; | ) |
| | ) |
| Sprinkmann Sons Corporation, a Wisconsin corporation; | ) |
| | ) |
| Union Carbide Corporation, a New York corporation; | ) |
| | ) |
| Walker Jamar Company; a Minnesota corporation; | ) |
| | ) |
| Weil McLain Company, a foreign corporation; | ) |
| | ) |
| Western Steel & Plumbing, Inc., a North Dakota corporation; | ) |
| | ) |
| Whittier Filtration, Inc., f/k/a U.S. Filter/Whittier, Inc., a subsidiary of Water Applications & Systems Corporation, a Delaware corporation; | ) |
| | ) |
| Zurn Industries, LLC, f/k/a Zurn Industries, Inc., a Pennsylvania corporation; | ) |
| | ) |
| Defendants. | ) |

Plaintiff Sandra O'Shea, on behalf of the estate of Terrence O'Shea, for her Complaint herein, states and alleges as follows:

I.

**JURISDICTIONAL STATEMENT**

Plaintiff Sandra O'Shea, the duly appointed personal representative of the estate of Terrence O'Shea, deceased, brings this survival action for personal injury damages proximately caused by Terrence O'Shea's exposure to asbestos fiber.

Plaintiff Sandra O'Shea is the surviving spouse of decedent Terrence O'Shea, and further brings this action pursuant to the North Dakota Wrongful Death Act, Chapter 32-21 of the North Dakota Century Code, for damages flowing from the wrongful death of her husband, Terrence O'Shea.

As is evidenced by the caption of the instant complaint, which is specifically incorporated herein, the defendants are foreign corporations which are amenable to jurisdiction in the courts of North Dakota by virtue of the quality of their respective direct or indirect contacts with the State of North Dakota and/or their conduct of

3

substantial and/or systematic business in North Dakota all of which factors subject said defendants to the jurisdiction of a North Dakota court pursuant to Rule 4(b) of the North Dakota Rules of Civil Procedure. Each foreign corporation mined, manufactured, processed, imported, converted, compounded, wholesaled and/or retailed substantial amounts of asbestos and asbestos-related materials which are or have been sold, distributed and used in North Dakota.

The decedent was exposed to various asbestos-containing products while working as a pipefitter in various locations in North Dakota. Asbestos-related diseases are progressive, latent and insidious, and on information and belief, such exposure in North Dakota was a proximate cause of Terrence O'Shea's asbestos-related disease and death.

Alternatively, all of the above-captioned defendants are tortfeasors which could not be joined by the plaintiff in a single civil action in any other forum given the subject matter of the plaintiff's claims arising from the decedent's asbestos-caused personal injury. Therefore, the above captioned court may or should exercise jurisdiction over the named defendants pursuant to the doctrine of jurisdiction of necessity.

Defendants Building Sprinkler Company, Inc.; Fargo-Moorhead Insulation Company; Industrial Contractors, Inc.; Northern Plumbing Supply, Inc.; Northwest Iron Fireman, Inc.; and Western Steel & Plumbing, Inc. are North Dakota Corporations which transact, and at all times relevant to the causes of action pleaded herein transacted, business within Cass County, North Dakota, and the above-captioned court is the proper venue within North Dakota for this action pursuant to Section 28-04-04 of the North Dakota County Code.

## II.

### FIRST CAUSE OF ACTION

1. At all times relevant to this action, defendants and predecessors of defendants for whose actions defendants are legally responsible (herein collectively referred to as "defendants") were engaged in the mining, manufacture and/or sale and/or distribution of asbestos-containing products and/or raw materials.

2. The defendants, acting through their agents, servants and/or employees caused certain asbestos and asbestos related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos related materials came into use by the plaintiff's decedent.

4

3. Terrence O'Shea for a period of time worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, a significant portion of said exposure being within the State of North Dakota.

4. During the course and scope of his employment, Terrence O'Shea was exposed to defendants' asbestos and asbestos-related insulation materials, which exposure directly and proximately caused him to develop the illness of and other asbestos-related diseases.

5. The illness and disability of gastrointestinal cancer is the direct and proximate result of the negligence and/or recklessness and/or willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to Terrence O'Shea's body, lungs, respiratory system, skin and health.

6. The illness and disability of gastrointestinal cancer is the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and greatly harmful to Terrence O'Shea's body, lungs, respiratory system, skin and health, the defendants nonetheless:

(a) Failed to advise Terr of the dangerous characteristics of their asbestos and asbestos-related products;

(b) Failed or omitted to provide Terrence O'Shea with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to

5

publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

 (e) Inadequately warned, if, in fact, they warned at all, persons such as Terrence O'Shea of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-containing materials;

 (f) Did not recommend methods to improve the work environment;

 (g) Did not test its products or develop alternative products;

 (h) Continued to use a known cancer causing product, to-wit: asbestos.

7. At all times relevant, it was feasible for defendants to have warned Terrence O'Shea, tested their asbestos products and/or substituted asbestos-free products.

As a result of the negligence and/or recklessness and/or willfulness of the defendants, Terrence O'Shea and the plaintiff have been damaged severely as is set forth below.

### III.

### SECOND CAUSE OF ACTION

Plaintiff realleges Paragraphs 1 through 7 and the First Cause of Action and incorporates the same herein.

8. The defendants, and each of them, impliedly warranted that said asbestos and asbestos-containing products were of good and merchantable quality and fit for their intended use.

9. The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-containing products were of a good merchantable quality and fit for the particular intended use was breached and harmful asbestos fiber was released from those products into the atmosphere as Terrence O'Shea carried out his duties working with and around asbestos and asbestos-containing materials.

10. As a direct and proximate result of the defendants' breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Terrence O'Shea developed the illness of gastrointestinal cancer and other asbestos-related diseases, which illnesses subsequently resulted in his death.

### IV.

### THIRD CAUSE OF ACTION

Plaintiff realleges Paragraphs 1 through 10 and the First and Second Causes of Action and incorporate

the same herein.

11. Decedent and others in his position worked in close proximity to the asbestos and asbestos-containing materials of the defendants, and each of them, and Terrence O'Shea's presence, as well as that of others in his position, was known, or, in the exercise of reasonable care should have been anticipated by the defendants, and each of them.

12. The defendants, and each of them, have for many years been aware of medical and scientific data which clearly indicated that asbestos and asbestos-related products were hazardous to the health and safety of Terrence O'Shea and others in his position, yet prompted by pecuniary motives, the defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data, conspired to deprive Terrence O'Shea and the public at large of said medical and scientific data, denying them of the opportunity of free choice as to whether or not to expose themselves to the asbestos and asbestos-containing products of said defendants. As a result, the plaintiff and decedent, Terrence O'Shea, have been severely damaged as set forth below.

## V.

### FOURTH CAUSE OF ACTION

Plaintiff realleges Paragraphs 1 through 12 and the First, Second and Third Causes of Action where relevant.

13. Plaintiff further alleges that at the time the defendants, and each of them, sold and/or delivered the aforesaid asbestos and asbestos related products and at the time said products were used by Terrence O'Shea in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to Terrence O'Shea's body.

14. The above was the proximate cause of the severe damages sustained by decedent Terrence O'Shea and plaintiff as hereinafter set forth.

## VI.

### FIFTH CAUSE OF ACTION

Plaintiff realleges Paragraphs 1 through 14 and the First, Second, Third and Fourth Causes of Action and

incorporates the same herein.

15. That at various times in the past, defendants had actual knowledge of the dangers to Terrence O'Shea of asbestos exposure, but defendants nevertheless deliberately, intentionally and purposefully withheld such information from him, thus denying him of the knowledge with which to take important precautionary measures such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants intentional acts being as follows:

(a) Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b) Failing to issue recall type letters or notices to prior users;

(c) Frustrating the publication of articles on the health hazards of asbestos in literature;

(d) Rejecting the advice of other corporate officials to warn of the hazards of their asbestos products; such actions by top management officials being motivated by the possibility of adverse effects on profits;

(e) Intentional inadequacy and delay of use of warnings on asbestos products;

(f) Failing to advise users of asbestos and asbestos-containing products, such as Terrence O'Shea, of medical findings known to defendants concerning the dangers of asbestos exposure;

(g) Suppressing the dissemination of information concerning the hazards of asbestos exposure to users of asbestos-containing products, such as Terrence O'Shea.

16. The foregoing deliberate, intentional and purposeful acts of the defendants were a direct and proximate cause of decedent Terrence O'Shea's and plaintiff's injuries and damages hereinafter described.

VII.

**SIXTH CAUSE OF ACTION**

Plaintiff realleges Paragraphs 1 through 16 and the First, Second, Third, Fourth and Fifth Causes of Action, and incorporates the same herein.

17. That during, before and after Terrence O'Shea's exposure to asbestos products manufactured, mined, distributed or sold by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to Terrence O'Shea in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Terrence O'Shea. Defendants each knew of

8

the falsity of their representations and/or made such representations in reckless disregard of their truth or falsity.

18. The foregoing representations were material conditions precedent to Terrence O'Shea's continued exposure to asbestos-containing products and defendants each intended that Terrence O'Shea act upon the representations by continuing his exposure to the asbestos products. Terrence O'Shea was without knowledge of the falsity of defendants' representations and rightfully and justifiably relied upon those representations.

19. As a direct and proximate result of Terrence O'Shea's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

IX.

**SEVENTH CAUSE OF ACTION**

Plaintiff realleges Paragraphs 1 through 19 and the First, Second, Third, Fourth, Fifth and Sixth Causes of Action and incorporates the same herein.

20. Plaintiff further alleges alternatively that she may not be able to identify some or all of the specific manufacturers of the various products containing asbestos to which Terrence O'Shea was exposed for the reason that there were a number of producers of the asbestos-containing products from which he ingested fibers during his employment.

21. There being a substantial period of time between the point of initial exposure and the point of manifestation of the asbestos-related diseases which were suffered by Terrence O'Shea, it is now a difficult or impossible task to determine which particular exposures to asbestos dust are responsible for causing Terrence O'Shea's diseases, as such diseases sustained by him were caused by his exposure to the fungible product of asbestos mined, distributed, manufactured, wholesaled, processed, imported, converted, compounded and/or retailed by the named defendants.

22. Further, the named defendants are sufficient in number so as to represent a substantial share of the market such that it is probable that the culpable party or parties which produced the asbestos-containing products to which Terrence O'Shea was exposed, and which exposure proximately caused his illness and death, are included among the above-named defendants.

23. The above named defendants, acting together and in concert, created, promoted and adhered to

an industry-wide standard of safety in the manufacture, design, selection, assembly, marketing, distribution, sale, delivery and promotion of asbestos-containing products including, but not limited to, raw and processed asbestos fiber, with such industry-wide safety standards being utterly ineffective and inadequate.

24. The injuries and damages sustained by decedent Terrence O'Shea and the plaintiff were directly and proximately caused by exposure to asbestos-containing products produced and promoted by the defendants under and in adherence to said ineffective and inadequate industry-wide standards.

25. In light of the foregoing, the defendants are jointly and severally liable to the plaintiff herein.

(a) In the alternative, defendants herein represent a substantial share of the asbestos-containing product market in the areas within which Terrence O'Shea was hired, employed and in the areas within which he was exposed to asbestos products.

(b) Defendants manufactured, designed, selected, assembled, marketed, distributed, sold, supplied, delivered and promoted asbestos-containing products of the kind and nature to which Terrence O'Shea was exposed during the period of his employment as described herein.

26. Therefore, defendants are liable jointly and severally to the plaintiff for the injuries and damages sustained by her which were directly and proximately caused by Terrence O'Shea's exposure to asbestos-containing products produced and promoted by the defendants under and in adherence to said insufficient and inadequate industry-wide standards based on the several defendants' pro-rated market share within the market described herein.

27. The plaintiff further alleges that the defendants, and each of them, should be found jointly and severally liable for plaintiff's damages by reason of their actions and inactions, including actions and inactions resulting from conspiratorial and concertive conduct on the part of said defendants, as alleged herein. The defendants, by virtue of their collective nondisclosure of essential information regarding the dangers of asbestos, effectively prevented Terrence O'Shea from appreciating the dangers involved and in being able to identify the specific miners, manufacturers, sellers and/or distributors of the particular products which caused the gastrointestinal cancer and other asbestos-related diseases and death of Terrence O'Shea.

28. The plaintiff, based on the narrative included herein, specifically alleges joint and several liability

on the part of the named defendants on the bases of the so-called "market share" and/or "enterprise" theories of liability as these theories have been adopted and applied in decisional law; and that said defendants are also liable to the plaintiff for her injuries on the basis of the theory of alternative liability.

29. As a result of the development of gastrointestinal cancer and other asbestos-related diseases, Terrence O'Shea suffered and sustained very serious injuries to his person requiring medical treatment, with such diseases being the cause of death of Terrence O'Shea.

30. Terrence O'Shea further suffered great pain, anxiety and mental anguish as a direct result of the aforesaid injuries. He and his estate incurred substantial medical expenses for the treatment of his condition. He was disabled and as a result, lost earnings and his life expectancy was severely shortened.

31. In addition, plaintiff Sandra O'Shea, as a result of the injuries and death of her husband, Terrence O'Shea, has suffered grievous loss of his care, companionship, society, services and support, and has suffered great pain, anxiety and emotional distress.

WHEREFORE, plaintiff prays judgment, joint and several, against the defendants for damages in an amount greater than Fifty Thousand Dollars ($50,000.00), along with an award of costs attendant to the bringing of this action.

Dated: May 23, 2019                                BOECHLER, P.C.


_/s/ Jeanette T. Boechler, Esq._
Jeanette T. Boechler (ID#03550)
Attorney at Law
802 1st Avenue North
Fargo, North Dakota 58102
(701) 237-3071
boecherpc@aol.com
Counsel for Plaintiff

**BOECHLER PC**
802 1st AVENUE NORTH
FARGO, ND 58102



7006 0100 0006 5957 8020

**RETURN RECEIPT REQUESTED**

RECEIVED

MAY 28 2019

MEAGHER & GEER

Building Sprinkler Company, Inc.
c/o David Schach
Meagher & Geer
33 S. 6th St., Suite 4400
Minneapolis, MN 55402-3710

02 1P  $ 007.75⁰
0004750338  MAY 23 2019
MAILED FROM ZIP CODE 58102